## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-06-1103 |
| | § | |
| TARGET CORPORATION, INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This trademark infringement case is before the Court on Defendants' Motion to Dismiss ("Motion") [Doc. # 12], converted to a Motion for Summary Judgment in an Order entered August 2, 2006 [Doc. # 27]. Plaintiff Farouk Systems, Inc. ("Farouk") filed its Response [Doc. # 18], Defendants filed a Reply [Doc. # 22], and Plaintiff filed a Sur-reply [Doc. # 26]. After the Motion to Dismiss was converted to a Motion for Summary Judgment, both parties filed supplemental briefing. *See* Plaintiff's Additional Briefing [Doc. # 28]; Supplemental Briefing by Defendants [Doc. # 29].

The Court has carefully reviewed the full record in this case. Based on this review of the record and the application of governing legal authorities, the Court grants Defendants' Motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff manufactures beauty products, including a line of hair care products sold under the "BIOSILK" and "SILK THERAPY" trademarks.  Defendant Pro's Choice Beauty Care, Inc. ("Pro's Choice") is an independent distributor that purchases and resells hair care products to retail outlets.  Defendant Target Corporation, Inc. ("Target") purchases Farouk hair care products from Pro's Choice and sells them in its stores.

Plaintiff complains that Pro's Choice repackaged its hair care products and that Target sold these repackaged products in the same area of its stores as other hair care products.  The products were Farouk hair care products that had not been altered or transferred from their original container.  Individual containers of hair care products, which were correctly labeled as Farouk hair care products, were packaged together in an open-faced box on which the consumer was advised that the original product had been "repackaged and distributed, not under license, by Pro's Choice Beauty Care Inc."

Plaintiff filed this lawsuit, asserting causes of action for trademark infringement, unfair competition, and dilution and tarnishing under federal law.  Plaintiff also asserted trademark infringement and unfair competition claims under Texas state law.  Defendants moved to dismiss.  Because matters beyond Plaintiff's Complaint were

submitted and not excluded by the Court, the Motion to Dismiss was converted to a

Motion for Summary Judgment.  The Motion has now been fully briefed and is ripe for

decision.

## II.    STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who fails

to make a sufficient showing of the existence of an element essential to the party's

case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.

1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil

Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  In deciding a motion for summary judgment,

the Court must determine whether "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with any affidavits filed in support of

the motion, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c);

*Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir.

2003).

For summary judgment, the initial burden falls on the movant to identify areas

essential to the non-movant's claim in which there is an "absence of a genuine issue of

material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,*

185 F.3d 521, 525 (5th Cir. 1999).  The non-movant's burden is not met by mere

reliance on the allegations or denials in the non-movant's pleadings.  *See Diamond*

*Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).  Likewise,

"unsubstantiated or conclusory assertions that a fact issue exists" do not meet this

burden.  *Morris v. Covan World Wide Moving, Inc.*,  144 F.3d 377, 380 (5th Cir.

1998).  Instead, the nonmoving party must present specific facts which show "the

existence of a 'genuine' issue concerning every essential component of its case." *Id.*

In the absence of any proof, the court will not assume that the non-movant could or

would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife*

*Fed'n*, 497 U.S. 871, 888 (1990)).

## III.    ANALYSIS

### A.    Trademark Infringement and Unfair Competition Claims

Plaintiff alleges that Defendants' marketing of repackaged Farouk hair care

products created a likelihood of confusion and infringed Plaintiff's trademark rights

under the Lanham Act.  Liability for trademark infringement and unfair competition is

"predicated on the use of a trademark in a way that is likely to cause confusion." *See*

*Matrix Essentials, Inc. v. Emporium Drug Mart, Inc.*, 988 F.2d 587, 590 (5th Cir.

1993).  The "first sale" rule provides that trademark law does not preclude the sale of

genuine goods bearing a true mark even though such sale is unauthorized, *i.e.*, without

the mark owner's consent. *See Icee Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 845 (5th Cir. 2006); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.*, 112 F.3d 1296, 1303 (5th Cir. 1997); *Matrix*, 988 F.2d at 590. "Once a trademark owner sells his product, the buyer *ordinarily* may resell the product under the original mark without incurring any trademark law liability." *Martin's Herend*, 112 F.3d at 1303 (emphasis in original). "Resale by the first purchaser of the original article under the producer's trademark is neither trademark infringement nor unfair competition." *Dream Team Collectibles, Inc. v. NBA Properties, Inc.*, 958 F. Supp. 1401, 1419 (E.D. Mo. 1997). The "first sale" rule also applies to trademark infringement and unfair competition claims under Texas law. *See John Paul Mitchell Systems v. Randalls Food Markets*, 17 S.W.3d 721, 735 (Tex. App. – Austin 2000, *pet. denied*).

In this case, Pro's Choice obtained genuine Farouk hair care products in the original packaging. Pro's Choice, without altering the products or their original packaging, combined two or more genuine Farouk hair care products in the original packaging into an open-faced box to create a "set." The sets were sold at Target as

holiday gift sets.  There is no dispute that neither the hair care products nor the original containers were altered in any way.[1]

Farouk argues that the products are not "genuine" because they were not sold through Farouk's intended distribution system of hair care salons.  This argument is contrary to clearly-established Fifth Circuit authority.  In *Matrix*, the plaintiff similarly argued that the products were not genuine because they were sold "without the potential for concurrent consultation or supervision by a licensed cosmetologist." *Matrix*, 988 F.2d at 591.  The Fifth Circuit noted that the product being sold was unaltered and that there was no evidence that the product itself was defective in a way that the customer could not readily detect.  *Id.*  Therefore, stated the Fifth Circuit, the "critical element that is missing from Matrix's argument and from the facts of [the *Matrix* case] is the element of consumer confusion." *Id.*  The Fifth Circuit declined to extend the reach of the Lanham Act to cover Matrix's complaint and affirmed the district court's entry of summary judgment in favor of the defendant on the trademark and unfair competition claims.  *Id.* at 591, 593.  On the same basis, Defendants in this

---

[1]     Plaintiff argues that Defendants' prominent use of the Farouk trademarks fails to comply fully with the requirements of *Prestonettes, Inc. v. Coty*, 264 U.S. 359 (1924).  Where, as here, the underlying product and its original container remain unchanged, a disclaimer that satisfies the *Coty* requirements is not required.  *See Henry v. Chloride, Inc.*, 809 F.2d 1334, 1350 (2d Cir. 1987); *Dream Team Collectibles, Inc. v. NBA Properties, Inc.*, 958 F. Supp. 1401, 1420 (E.D. Mo. 1997).

case are entitled to summary judgment on Plaintiff's trademark infringement and unfair competition claims.

Farouk also argues that the products are not "genuine" because they have been repackaged in a way that covers the labels Farouk placed on the original containers. This argument is also without merit. The original containers in the open-faced boxes can be easily manipulated, either by rotating the container in the box or by removing it from the Pro's Choice package. The Court notes further that the undisputed evidence in the record establishes that Farouk at times markets its products in multiple product sets, some of which conceal the individual product's label more completely than the Pro's Choice open-boxed packaging. It appears, therefore, that unrestricted access to the original container's label "seems more marketing-related than quality-related." *See id.* at 592.

Target's sale of Farouk hair care products, as packaged in sets by Pro's Choice, cannot cause confusion because the products were manufactured by Farouk and sold without alteration. A consumer who sees the "BIOSILK" and "SILK THERAPY" trademarks believes correctly that she is purchasing genuine Farouk products. The Pro's Choice package clearly advises that same consumer that Pro's Choice is responsible for the packaging and is acting without a license from Farouk. The "first

sale" rule bars Farouk's trademark infringement and unfair competition claims, under both federal and Texas state law.

## B.  **Dilution and Tarnishing Claims**

Plaintiff argues that Defendants diluted its trademark by repackaging its hair care products and selling them in close proximity to products that look the same but are of "less prestige and exclusivity." *See* Response [Doc. # 18], p. 11. "Trademark dilution is the weakening of the ability of a mark to clearly and unmistakably distinguish the source of a product." *Scott Fetzer Co. v. House of Vacuums*, 381 F.3d 477, 489 (5th Cir. 2004). Tarnishing, a form of dilution, occurs when a trademark is linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context such that the public will associate the lack of quality or lack of prestige in the defendant's goods with the plaintiff's unrelated goods." *Id.* (internal quotations omitted). The plaintiff is required to "show actual dilution, not just a likelihood of dilution." *Id.* at 490 n.9 (citing *Moseley v. Secret Catalogue, Inc.*, 537 U.S. 418, 433 (2003)).

 A tarnishing claim fails if the defendant's conduct does not link the plaintiff's trademark with products of shoddy quality or portray the trademark in an unwholesome or unsavory context. *See Lyons Partnership v. Giannoulas*, 14 F. Supp. 2d 947, 954 (N.D. Tex. 1998). Although it is clear that Farouk is offended that its hair care

products are being sold at Target, there is no evidence that its products are presented in a manner that links them with other competing products. Moreover, there is no evidence that the other hair care products sold at Target are of shoddy quality. Farouk has not presented evidence that Pro's Choice or Target have presented the Farouk trademarks in an unwholesome or unsavory context. The products bearing the Farouk trademark packaged together by Pro's Choice and sold at Target were genuine, unaltered Farouk hair care products and were clearly identified as such. Farouk has failed to present evidence to raise a genuine issue of material fact regarding the dilution/tarnishing claim.

## IV.    CONCLUSION AND ORDER

Plaintiff's federal and state law trademark infringement and unfair competition claims fail as a matter of law because the undisputed evidence establishes that Defendants merely resold genuine goods in a set of original containers. Plaintiff's dilution claim fails because Plaintiff has not presented evidence that Defendants linked Farouk's trademarked hair care products with products of shoddy quality or presented them in an unwholesome or unsavory context. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss, converted to a Motion for Summary Judgment [Doc. # 12] is **GRANTED**. The Court will issue a separate final judgment.

10

SIGNED at Houston, Texas, this **6th** day of **September, 2006**.

Nancy F. Atlas
United States District Judge